UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 20-cv-1285

| | |
|---|---|
| Kara J. Veith,<br><br>　　　　　Plaintiff,<br>v.<br><br>CoreLogic Credco LLC,<br><br>　　　　　Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant CoreLogic Credco LLC's (hereinafter "Defendant") violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1681 and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct in question occurred in this District, Plaintiff resides in this District, and Defendant transacts substantial business in this District.

## PARTIES

4. Plaintiff, Kara J. Veith (hereinafter "Plaintiff"), is a natural person who resides in the city of North Mankato, county of Nicollet, state of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant Credco is a foreign corporation incorporated under the laws of the state of Michigan with its headquarters located at 10277 Scripps Ranch Road, San Diego, CA 92131; is authorized to do business in the state of Minnesota; and has a registered office located at Corporation Service company d/b/a CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833-3505. Defendant Credco is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f), regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined by 15 U.S.C. § 1681a(d), to third parties.

## PURPOSE OF THE FAIR CREDIT REPORTING ACT

6. Consumer credit plays a major role in the lives of American consumers entering into the American marketplace and the economic system in general. Fair and accurate credit reporting acts as a gatekeeper to credit purchases, employment and income, basic commercial services, insurance coverage, housing rentals, and a broad range of other transactions. Robert J. Hobbs & Stephen Gardner, THE PRACTICE OF CONSUMER LAW 39-40 (2nd ed. 2006).

7. Congress investigated and determined that the banking system is dependent upon fair and accurate reporting, that inaccurate credit reports directly impair the

efficiency of the banking system, and that unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. 15 U.S.C. § 1681(a)(1).

8. The FCRA was created to "ensure fair and accurate credit reporting, promote efficiency, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52 (2007).

9. The FCRA was proposed in 1968 as an amendment to the original Truth in Lending Act. Senator Proxmire (D-WI) announced his intention to create legislation addressing the growing frequency of cases in which a consumer "is unjustly denied because of *faults or incomplete information in a credit report*," and entered an initial draft of what would eventually become the FCRA into the Congressional Record. Anthony Rodriguez et al., FAIR CREDIT REPORTING 8 (5th ed. 2002) (citing 114 Cong. Rec. 24904 (Aug. 2, 1968)) (emphasis added).

10. Senator Proxmire listed five types of abuses requiring Congressional response, including biased or one-sided information and incomplete information. Anthony Rodriguez et al., FAIR CREDIT REPORTING 8 (5th ed. 2002) (citing 115 Cong. Rec. 2411 (Jan. 31, 1969)).

11. Congress considered inaccurate and misleading information to be the most serious problem. Anthony Rodriguez et al., FAIR CREDIT REPORTING 10 (5th ed. 2002).

12. The FCRA applies to situations in which information relevant to a consumer's "credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" is collected. Anthony Rodriguez et al.,

FAIR CREDIT REPORTING 5 (5th ed. 2002) (citing 15 U.S.C. § 1681a(d)).

13. An inaccurate or misleading credit report can not only significantly and unfairly lower a consumer's credit worthiness, but can also prevent consumers from full access to the American marketplace and negatively impact a consumer's living standard and general reputation on the whole if a consumer's character and mode of living is not accurately portrayed. Congress enacted the FCRA to prevent this arbitrary and iniquitous result.

14. Furthermore, in 1996, Congress, to increase the "accuracy and integrity" of information supplied to credit reporting agencies, added 15 U.S.C. § 1681s-2 to the FCRA by passing the Consumer Credit Reform Act. The provision, "[r]esponsibilities of furnishers of information to consumer reporting agencies," subjected data furnishers, who were not previously covered by the FCRA, to requirements related to accuracy and the handling of consumer disputes. These provisions were originally scheduled to sunset in 2003 but were considered important enough to Congress to be made permanent in the Fair and Accurate Credit Transactions Act of 2003. (Federal Trade Commission Staff: 40 Years of Experience with the Fair Credit Reporting Act, pp. 1, 2, 92. Retrieved from the FTC website: http://www.ftc.gov/os/2011/07/110720fcrareport.pdf).

## FACTUAL ALLEGATIONS

15. Plaintiff is a single mother of four (4) children, three (3) of which live at home with her.

16. Plaintiff has been diagnosed with brain tumor called a pituitary adenoma, is currently being tested for Cushing's disease and is under medical supervision of an endocrinologist.

17. One of Plaintiff's children, a minor, has been diagnosed with Autism and has case management in Nicollet County where the Plaintiff and her children reside.

18. Plaintiff lives in a property located in North Mankato that she currently rents and has the opportunity to purchase it outright but only for a limited time.

19. Plaintiff applied for a home loan in early 2019 with Bremer Bank.

20. Plaintiff was denied credit for the home loan due to inaccurate information appearing on her credit report related to her prior Wells Fargo Home Loan.

21. Plaintiff's prior home mortgage loan with Wells Fargo bearing account number 9360340552025 (hereinafter "account ending in 2025") was opened in May of 2012.

22. According to Wells Fargo Vice President of Loan Documentation Michael Herrera-Markwald the account ending in 2025 was paid in full on April 12, 2016.

23. Despite the payoff of the entire account ending 2025, Wells Fargo reported to the national credit reporting agencies, that the account ending 2025 was significantly late in the following months:
    - 60 days in October 2018
    - 90 days in November 2018
    - 120 days in December of 2018
    - 120 days in January of 2019
    - 120 days in February 2019.

24. Reporting Plaintiff's account ending in 2025 in such a manner as described in the preceding paragraph is false, inaccurate and impossible as it was paid in full on April 12, 2016.

25. Plaintiff disputed the inaccurate credit reporting concerning account ending in 2025 with the Consumer Financial Protection Bureau in complaint #190711-4217145 in July 2019.

26. Plaintiff disputed the inaccurate credit reporting of account 2025 to Defendant Credco in July 2019, pursuant to 15 U.S.C. §1681i.

27. In turn, Defendant Credco communicated Plaintiff's disputes to Wells Fargo and the national credit reporting agencies, Trans Union LLC ("Trans Union"), Experian Information Solutions Inc. ("Experian") and Equifax Information Solutions, LLC ("Equifax"), and provided additional information concerning the payoff from 2016.

28. One July 22, 2019, Defendant sent Plaintiff her results of reinvestigation (Ref #: 1-13515-61799-0000), which showed that Experian and Trans Union updated the Wells Fargo account ending in 2025 as closed and paid.

29. Equifax updated the Wells Fargo account ending in 2025 to show a current balance of $202,268 and late payment history in 2019.

30. Defendant Credco failed to conduct a reasonable investigation into Plaintiff's disputes concerning account ending in 2025 and has been presented with evidence showing that the account ending in 2025 was paid in 2016 and therefore could not be late in 2018-19 and therefore has violated 15 U.S.C. §1681i.

31. Defendant Credco has published and sold Plaintiff's credit report including the false and highly derogatory payment history information to third parties, including but not limited to Plaintiff's potential lenders and current creditors, in violation of 15 U.S.C. §1681e(b).

32. Plaintiff's merged credit report showed the Wells Fargo account ending in 2025 as reporting extremely adverse information (late payment history for 2018-2019) which prevented her from obtaining a home loan for herself and her family.

33. Defendant Credco is reporting that Wells Fargo updated and verified its false and derogatory reporting as recently as July 2019.

34. Defendant Credco's false and derogatory reporting is harming Plaintiff's credit profile and credit score.

35. As a result of Defendant Credco's illegal conduct and false reporting, Plaintiff has spent over 20 hours trying to correct Defendant Credco's mistake and has therefore cost Plaintiff in excess of $500.00 of time lost.

36. As a result of Defendant Credco's illegal conduct and false reporting, Plaintiff has been denied credit from Bremer Bank and was prevented from obtaining a home loan for the property she is currently renting in Nicollet County.

37. As a result of Defendant Credco's illegal conduct and false reporting, Plaintiff has suffered extreme emotional distress, anxiety, depression, nightmares, loss of sleep, nausea, headaches, crying fits/breakdowns, fear of having to uproot her family from their home and school district that provides special assistance and education to her special needs child.

38. Plaintiff has been treated by a physician for the emotional and physical distress that Defendant Credco's illegal and false reporting has caused her.

## TRIAL BY JURY

39. Plaintiff is entitled to, and hereby demands, a trial by jury. US Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq.*

40. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

41. Given that Wells Fargo and Plaintiff had provided Defendant Credco verification that Plaintiff had paid off the mortgage account in 2016, it is clear that Defendant Credco did not have reasonable procedures in place to assure maximum possible accuracy of the information contained on the credit reports issued, in violation of 15 U.S.C. § 1681e(b).

42. Defendant Credco's failure to conduct a reasonable investigation into Plaintiff's repeated and desperate disputes in 2019 violate 15 U.S.C. §1681i.

43. Defendant Credco's failure was willful, rendering it liable for punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n.

44. Alternatively, Defendant Credco's failures were negligent, rendering it liable for damages, pursuant to 15 U.S.C. § 1681o.

45. Moreover, Plaintiff is entitled to recover from Defendant Credco her Court costs and attorney's fees incurred in the bringing of this lawsuit, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Credco for:

- actual, statutory and punitive damages, and costs and attorneys' fees for Defendant Credco's violations of the FCRA, pursuant to 15 U.S.C §§ 1681n and 1681o, in an amount to be determined at trial; and
- for such other and further relief as the Court may deem just and proper.

Dated this 28th day of May 2020.

By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 0249646
**CONSUMER JUSTICE CENTER P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: 651-770-9707
Facsimile: 651-704-0907
tommy@consumerjusticecenter.com

***ATTORNEY FOR PLAINTIFF***

# **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Kara Veith, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 18th day of May 2020.

                                                             s/Kara Veith
                                                             Kara Veith